UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AIRFRAME SYSTEMS, INC. f/k/a<br>AIRLINE SOFTWARE, INC.,<br><br>      Plaintiff,<br><br>  v.<br><br>RAYTHEON COMPANY,<br>and<br>L-3 COMMUNICATIONS CORPORATION,<br><br>      Defendants. | Case No. 1:08-cv-11940-WGY |

## L-3 COMMUNICATIONS CORPORATION'S ANSWER
## AND AFFIRMATIVE DEFENSES TO
## AIRFRAME'S AMENDED COMPLAINT

L-3 Communications Corporation ("L-3"), by its attorneys Jones Hirsch Connors & Bull, P.C., hereby answers the allegations of the pleading referred to as Amended Complaint (the "Complaint") filed by Airframe Systems, Inc. ("Airframe"), as follows:

1. Denies having knowledge or information sufficient to form a belief with respect to the allegations contained in ¶ 1 of the Complaint.

2. Denies having knowledge or information sufficient to form a belief with respect to the allegations contained in ¶ 2 of the Complaint.

3. Denies having knowledge or information sufficient to form a belief with respect to the allegations contained in ¶ 3 of the Complaint.

4. Denies the allegations contained in ¶ 4 of the Complaint in that this action was dismissed as against Raytheon by Order entered July 27, 2009.

5. Admits that L-3 is a Delaware Corporation and admits that its principal place of business is in New York County, New York.

6. Denies the allegations contained in ¶ 6 of the Complaint except admits that plaintiff purports to allege subject matter jurisdiction based upon the Copyright Act, 17 U.S.C. §504 et seq.

7. Denies the allegations contained in ¶ 7 of the Complaint in that each Count in this action has been dismissed with respect to defendant Raytheon, and with respect to L-3 through April 7, 2009 by the Court's July 27, 2009 Order, and admits that venue for the remaining parties L-3 and Airframe is "properly vested in the Southern District of New York, by virtue of the plaintiff and defendant's principal place of business being situated in this District" as alleged by plaintiff in ¶ 4 of its Complaint in Airframe Systems, Inc. v. L-3 Communications Corp., Case No. 1:05-CV-07638GBD (the "New York Complaint").

8-75. Denies the allegations contained in ¶¶ 8 through 74, and realleged in ¶ 75, constituting Counts I through VII of the Complaint, including because each allegation has been dismissed by the Court's July 27, 2009 Order.

76. Denies having knowledge or information sufficient to form a belief with respect to the allegations contained in ¶ 76 of the Complaint.

77-96. Denies the allegations contained in ¶¶ 77 through 96 of the Complaint including because all claims prior to April 7, 2009 have been dismissed by Order entered July 27, 2009. L-3 further responds to those allegations insofar as they allege conduct after April 7, 2009.

77. Denies the allegations contained in ¶ 77 of the Complaint.

78. Denies the allegations contained in ¶ 78 of the Complaint, but admits that L-3 has a software program that is referred to as M3 or the MMM program.

79. Denies the allegations contained in ¶ 79 of the Complaint.

80. Denies the allegations contained in ¶ 80 of the Complaint.

81. Denies the allegations contained in ¶ 81 of the Complaint.

82. Denies the allegations contained in ¶82 of the Complaint.

83. Denies the allegations contained in ¶ 83 a, b and c of the Complaint.

84. Denies the allegations contained in ¶ 84 of the Complaint.

85. Denies the allegations contained in ¶ 85 of the Complaint.

86. Denies the allegations contained in ¶ 86 of the Complaint.

87. Denies the allegations contained in ¶ 87 of the Complaint except admits that, prior to May 31, 2006, L-3 gave notice to Airframe that it would not renew its one year license from plaintiff for NT Version software which expired on that date, and for which L-3 had paid its license fee in advance. By letter dated August 4, 2006, ASI notified L-3 that its software was "cancelled immediately due to non-payment of the mandatory Annual Renewal Fee." In addition ASI withheld delivery of its license key without which L-3 could not access plaintiff's NT version software in any event.

88. Denies the allegations contained in ¶ 88 of the Complaint.

89. Denies the allegations contained in ¶ 89 of the Complaint.

90. Denies the allegations contained in ¶ 90 of the Complaint.

91. Denies the allegations contained in ¶ 91 of the Complaint.

92. Denies the allegations contained in ¶ 92 of the Complaint and admits that L-3 conducted personal training programs for users of the M-3 program instead of instructing them through creation and distribution of training manuals.

93. Denies the allegations contained in ¶ 93 of the Complaint.

94. Denies the allegations contained in ¶ 94 of the Complaint including because L-3 did not have possession of, access to or use of plaintiff's source code, destroyed in September

2003, and did not use plaintiff's said source code, software, training manuals or programs to create M3 or any other program.

95.     Denies the allegations contained in ¶ 95 of the Complaint and admits that L-3 made no use of plaintiff's source code, software, training manuals or programs as alleged.

96.     Denies the allegations contained in ¶ 96 of the Complaint.

97.     Denies the allegations contained in ¶ 97 of the Complaint insofar as they were dismissed through April 7, 2009 and repeats and realleges its responses to ¶¶ 75 through 96 as if fully set forth hereat.

98.     Denies the allegations contain in ¶98 of the Complaint, but admits that L-3 Integrated Systems performs Aircraft maintenance services for the U.S. Government (the "government customer").

99-107. Denies the allegations contained in ¶¶ 99 through 107 of the Complaint including because all claims prior to April 7, 2009 have been dismissed by Order entered July 27, 2009. L-3 further responds to these allegations insofar as they allege conduct after April 7, 2009.

99.     Denies the allegations contained in ¶ 99 of the Complaint.

100.    Denies the allegations contained in ¶ 100 of the Complaint.

101.    Denies the allegations contained in ¶ 101 of the Complaint except admits that L-3 has permitted its government customer to conduct aircraft maintenance through use of L-3's M3 program.

102.    Denies the allegations contained in ¶ 102 of the Complaint including because L-3 did not have possession of, access to or disclose Airframe software in any form or format, to its government customer.

103.    Denies the allegations contained in ¶ 103 of the Complaint including because that L-3 did not have possession of, access to or permit any third party including its government

customer to use or have access to any Airframe software in its original coded format or as any part of M-3's format and alleges that L-3's M3 format did not infringe rights of Airframe.

104. Denies the allegations contained in ¶ 104 of the Complaint except admits that subsequent to April 7, 2009, it permitted its government customer to conduct aircraft maintenance through use of L-3's M3 program.

105. Denies the allegations contained in ¶ 105 of the Complaint.

106. Denies the allegations contained in ¶ 106 of the Complaint.

107. Denies the allegations contained in ¶ 107 of the Complaint and states that the M-3 program is not an Airframe software and L-3 has not granted access to any Airframe software to its government customer; and denies that its government customer has infringed Airframe's copyrights and L-3 has contributed to any such infringement.

108. Denies the allegations contained in ¶ 108 of the Complaint.

## L-3'S AFFIRMATIVE DEFENSES

L-3 pleads the following affirmative defenses

1. Airframe has failed to state any claim against L-3 upon which relief can be granted.

2. L-3 has not directly infringed, has not contributorily infringed, and has not induced infringement of any of Airframe's copyrights.

3. L-3 has not willfully infringed any of Airframe's copyrights.

4. Airframe's claims for relief are barred in whole or in part because L-3 had no possession of, access to, and made no use of Airframe's source code at any point during the development of the accused M3 product.

5. Airframe's claims for relief are barred in whole or in part by the merger doctrine.

6. Airframe's claims for relief are barred in whole or in part by the fair use doctrine.

7. Airframe's claims for relief are barred in whole or in part by the doctrine of laches.

8. Airframe's claims for relief are barred in whole or in part by the doctrine of issue preclusion.

9. Airframe's claims for relief are barred in whole or in part by the doctrine of claim preclusion.

10. Airframe's claims for relief are barred in whole or in part by the doctrine of estoppel.

11. Airframe's claims for relief are barred in whole or in part by the doctrine of waiver.

12. Airframe's claims for relief are barred in whole or in part by the doctrine of unclean hands.

13. Airframe's claims for relief are barred in whole or in part by the doctrine of implied license.

14. Any liability or damages sought by Airframe are limited by the Court's July 27, 2009 ruling, dismissing Airframe's claims pertaining to use occurring before April 7, 2009.

15. Airframe's claims for punitive damages are preempted by the Copyright Act.

16. L-3 reserves the right to assert additional defenses which may become apparent during discovery in this action.

17. To the extent that maintenance report headings and coverages are governed by rules or regulations of the Federal Aviation Administration they are not proprietary to plaintiff or within its Copyright Act protections.

Dated:  August 6, 2009								Respectfully submitted,

											*Attorneys for Defendant*
											*L-3 Communications Corporation*


											By: /s/ Alan M. Gelb
											     Alan M. Gelb (AG 4254)
											     **JONES HIRSCH CONNORS &**
											     **BULL P.C.**
											     One Battery Park Plaza, 28th
											     New York, NY 10004
											     Tel:  (212) 527-1000


											By: /s/ Maria Raia Hamilton
											     Kurt L. Glitzenstein (BBO# 565312)
											     Maria Raia Hamilton (BBO# 554798)
											     Adam J. Kessel (BBO# 661211)
											     **FISH & RICHARDSON P.C.**
											     225 Franklin Street
											     Boston, MA  02110-2804
											     Tel:  (617) 542-5070


## CERTIFICATE OF SERVICE

I hereby certify that these documents filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this 6th day of August, 2009.

											/s/ Maria Raia Hamilton
											     Maria Raia Hamilton