UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---

AIRFRAME SYSTEMS, INC. f/k/a
AIRLINE SOFTWARE, INC.,

    Plaintiff,

v.

RAYTHEON COMPANY and
L-3 COMMUNICATIONS CORPORATION,

    Defendants.

---

Case No: 1:08-cv-11940-WGY

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S
MOTION TO STRIKE AIRFRAME'S EXPERT REPORT AS TO DAMAGES**

Plaintiff Airframe Systems, Inc. ("Airframe") hereby opposes Defendant L-3 Communications Corporation's Motion to Strike the Expert Report of Lawrence Chodor ("L-3's Motion") (Docket # 41). In opposition to L-3's Motion, Airframe states as follows:

ARGUMENT

I. Each Document Identified In The Chodor Report Was Produced To Defendant And Is Attached To The Report.

Each document relied on by Mr. Chodor is attached to his report, a fact that defendant admits in its motion. See L-3's Motion at 5.

Since each such document was attached to the Chodor report, it *was* produced and the motion in this regard is frivolous.[1]

---

[1] Defendant's additional claim that Mr. Chodor had an "interview with Gordon Rosen" but did not produce "notes" of the interview is equally unavailing. L-3's Motion at 5. All defendant needs do is ask for a copy of any notes of Mr. Chodor's interview with Mr. Gordon, if any exist. Instead, defendant made a motion to strike without ever making a request for any notes of the interview. Such needless motion practice merely drives up legal fees.

II.  The Chodor Report Sets Forth A Relevant Demonstration Of The Basis Of The Expert's Opinion As To Damages That Should Not Be Struck At This Stage.

Lawrence Chodor's report sets forth his belief as to how damages are to be calculated based upon the earnings and revenues of L-3's AIS division from 2006 through 2009, presenting a consistent analysis of Airframe's losses since 2006, when L-3's use of the M3 program began, through 2009, the last year for which L-3's reports are available.

Even if, under the Court's existing ruling, damages are only available beginning April 7, 2009,[2] Airframe's expert is still entitled to show that Airframe's losses after that date follow a consistent pattern from the date the infringement began in 2006 so as to mitigate against any defense that Airframe's damages are speculative. Such a showing by the expert is relevant for purposes of discovery, and may well be relevant at trial, even if damages are not available for such earlier years. See *United States ex rel. Pogue v. Diabetes Treatment Ctrs.*, 474 F. Supp. 2d 75, 80 (D.D.C. 2007) ("an expert report is not meant to be admissible as evidence and need not be to pass muster").

No case cited by defendant supports the drastic relief of striking an expert report in its entirety under these circumstances. See *Williams v. Monarch Mach. Tool Co*., 26 F.3d 228 (1st Cir. 1994) (striking expert evidence at trial *not* an *entire* expert report during *discovery*); *DuFresne v. Microsoft Corp*., 2006 U.S. Dist. LEXIS 57423 (D. Mass 2006) (striking *supplemental* report that offered *new* theories of recovery beyond the discovery cutoff date); *ARY*

---

[2] Airframe will be filing shortly a motion to set aside the court's July 23, 2009 ruling limiting the period for damages.

*Jewelers, LLC v. IBJTC Bus. Credit Corp.,* 464 F. Supp. 2d 62 (D. Mass 2006) (expert report struck where expert's theory of damages was not recognized under existing law).[3]

None of these conditions applies here. Mr. Chodor's report describes lost royalties permitted under the Copyright Act. His report was disclosed within the discovery period and is relevant to demonstrating the consistent methodology applied by the expert. Cf. *Filtration Solutions Worldwide, Inc. v. Gulf Coast*, 2010 U.S. Dist. LEXIS 2130, 8 (W.D. MS 2010) (portions of report struck where expert has "made no attempt to link his training and experience with his conclusions" -- circumstances not even remotely raised by defendant against Mr. Chodor).

The report identifies damages for 2009. See, e.g., Chodor Report at 25 (Schedule 1) expressly identifying $60,781,000 in damages to Airframe for the year 2009. Since virtually all of that year is within the post-April 7, 2009 period, it is clear that the report breaks out damages for the substantive period presently allowed in this action. Any pre-April 7, 2009 damages in the report can simply be excluded at the time of trial if the Court continues to limit the damages period.[4] There is no need or basis for the absurd remedy of "striking the *entire* report" in discovery. *Diabetes Treatment Ctrs.*, 474 F. Supp. 2d at 80 (proper remedy is not to strike a report that would eliminate the expert witness but to seek relief through a motion in limine).

---

[3] Other decisions in this circuit refer to the court's power to strike a late-identified expert, an issue not raised here. See, e.g., *Fusco v. General Motors Corp.*, 11 F.3d 259, 265-66 (1st Cir. 1993); *Thibeault v. Square D Co.,* 960 F.2d 239, 245 (1st Cir. 1992).

[4] Defendant also suggests that Mr. Chodor's reference to damages for *all* of 2009 is inappropriate because the first three months of that year through April 6 are excluded under the Court's present order. It is assumed that damages for 2009 can be allocated for the period starting April 7, 2009 through the end of the year without resorting to the extreme remedy of striking the entire report; because defendant has not yet taken Mr. Chodor's deposition to examine this question, it would seem premature to strike the report on these grounds.

Conclusion

For these reasons, L-3's Motion should be denied.

                                  AIRFRAME SYSTEMS, INC. f/k/a/
                                  Airline Software, Inc.
                                  By its attorneys,

                                  / S / Peter B, Krupp

Dated: March 8, 2010                Peter B, Krupp
                                    B.B.O. No. 548112
                                  Lurie & Krupp, LLP
                                  One McKinley Square
                                  Boston, MA 02109
                                  Tel: 617-367-1970

                                  Bruce I. Afran
                                    NJ BA 8583
                                  10 Braeburn Drive
                                  Princeton, New Jersey 08540
                                  Tel: 609-924-2075

CERTIFICATE OF SERVICE

I, Peter B. Krupp, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non registered participants on March 8, 2010.

                                  / S / Peter B. Krupp

                                  Peter B. Krupp