UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AIRFRAME SYSTEMS, INC. f/k/a<br>AIRLINE SOFTWARE, INC.,<br><br>      Plaintiff,<br><br>  v.<br><br>RAYTHEON COMPANY<br>and<br>L-3 COMMUNICATIONS CORPORATION,<br><br>      Defendants. | Case No. 1:08-cv-11940-WGY |

## L-3'S MOTION FOR SUMMARY JUDGMENT

Defendant L-3 Communications Corporation ("L-3") moves for summary judgment. Only two counts for copyright infringement, limited to claims arising after April 7, 2009, remain in this case. Airframe cannot prevail on its two remaining counts. It has no witness who can offer the accused L-3 source code into evidence, nor does it have an expert to compare the allegedly infringing source code with Airframe's own source code. Airframe does not even have a colorable theory of infringement; it is limited in its proof to a wholly conclusory contention interrogatory response.

Airframe has adduced no evidence of the contents of the only source code files to which L-3 ever had access, a prerequisite to the required comparison of the original and accused works. Airframe also failed to adduce evidence of the source code covered by any of its six copyright registrations. Airframe has not identified a single similarity between the expressive content of any source code to which L-3 had access and any allegedly infringing work. Finally, Airframe failed to perform a side-by-side comparison of any Airframe source code with any L-3 source

code. No reasonable jury could find for Airframe given these deficiencies.

Airframe's grotesquely excessive damages claim of over $132 million is not based on any of the proof required by the Copyright Act, prior licenses, industry standards, or actual use of the accused M3 software, and thus Airframe cannot meet its burden to show damages.

For all of these reasons as set out in detail in the attached memorandum, statement of undisputed material facts, declarations, and exhibits, and for the reasons presented in L-3's pending motion to dismiss for lack of standing (D.I. 61), the Court should grant summary judgment to L-3, and dismiss this action.


Dated:  May 17, 2010

/s/ Adam J. Kessel
Kurt L. Glitzenstein (BBO # 565312)
Adam J. Kessel (BBO # 661211)
Danni Tang (BBO# 669563)
FISH & RICHARDSON P.C.
225 Franklin Street
Boston, MA  02110-2804
(617) 542-5070 Telephone
(617) 542-8906 Facsimile

Attorneys for Defendant
L-3 Communications Corporation

Of Counsel

Alan M. Gelb (AG 4254) admitted *pro hac vice*
Kristin Peterson (KP 6850)
JONES HIRSCH CONNORS & BULL P.C.
Attorneys for Defendant
L-3 Communications Corporation
One Battery Park Plaza
New York, New York 10004
Phone: (212) 527-1000
FAX: (212) 527-1680

**CERTIFICATE OF SERVICE**

I certify that this motion, the attached declarations, and the exhibits to those declarations, and other supporting papers, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this 17th day of May, 2010.

/s/ Adam J. Kessel
Adam J. Kessel

**CERTIFICATE OF COMPLIANCE WITH L.R. 7.1**

I hereby state that counsel for L-3 Communications Corporation complied with the requirements of Local Rule 7.1 by attempting in good faith to resolve the issues presented in this motion. In particular, I emailed Mr. Afran, lead counsel for Plaintiff Airframe, on March 13, 2010, and followed up with a letter on March 15, 2010, with a proposal in an attempt to narrow or resolve the issues raised in this motion. I received no response to my letter.

/s/ Adam J. Kessel
Adam J. Kessel