UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

AIRFRAME SYSTEMS, INC. f/k/a
AIRLINE SOFTWARE, INC.,

    Plaintiff,

v.

RAYTHEON COMPANY,
and
L-3 COMMUNICATIONS CORPORATION,

    Defendants.

Case No. 1:08-cv-11940-WGY

## DECLARATION OF BARBARA FREDERIKSEN
## IN SUPPORT OF L-3'S MOTION FOR SUMMARY JUDGMENT

I, Barbara Frederiksen, state the following is true to the best of my knowledge, information, and belief:

1. I have been retained by counsel as an expert witness in this action for L-3 Communications Corporation ("L-3").

2. I am the Senior Managing Consultant of Johnson-Laird, Inc. ("JLI"). JLI is an Oregon corporation that provides consulting services to computer hardware and software manufacturers and computer-related technical assistance to the legal profession in the United States, Canada, Japan, Singapore, and Europe. JLI specializes in providing consulting services to corporations and attorneys on intellectual property matters (such as "clean room" development procedures, forensic analysis of computer-related evidence, copyright and patent infringement, and misappropriation of trade secrets) and performing assessment of computer software and Techno-archeology™ (the analysis of software development projects). I have provided trial and deposition testimony as an expert for matters in both State and Federal Courts, authored a number of papers and delivered lectures on technology to the legal profession.

3. My experience includes design, programming, tuning, problem diagnosis, and administration of hardware, operating systems, application software, and database management systems. I have over 34 years personal experience as a software developer and consultant, including the development of secure online data access systems used by banks, insurance companies, hospitals, and telecommunication providers. I have extensive experience in the design, implementation, and ongoing administration of databases and multi-dimensional data aggregation systems used to support business analysis. I also have direct experience in software used to control the behavior of various

hardware devices, including printers, shop floor control monitors and delivery systems, robotic inventory management systems, and recreational robotic systems. In the course of my career I have written code in the RPG and PHP languages that are at issue in this case, as well as other similar report generation and scripting languages.

4. I and my staff have spent hundreds of hours studying the source code produced by Plaintiff Airframe Systems, Inc. ("Airframe") and L-3 in this matter, and performing a side-by-side comparison of those respective source codes.

5. ARMS is written using the RPG programming language.  L-3 is written using the PHP programming language.

6. RPG was originally created as a report-writing tool in 1959, and is generally a high-level programming language most often used for business applications. RPG features significant built-in functionality for data storage and manipulation. Although it has evolved substantially since 1959, it has a distinctive syntax and set of conventions. PHP, by contrast, only emerged in the web era. It first appeared in 1995 and has become widely used in the past decade for web applications. It is very common for a PHP program to use external database software (not written in PHP) to handle data storage and manipulation. The data types, syntax, and semantics of PHP are very different from RPG, and accordingly a programmer developing in PHP will necessarily make many different programming decisions than one who chose to develop in RPG.  At a very basic level, code in PHP bears virtually no resemblance to code in RPG.

7. An example comparison of generic PHP and RPG source code (not taken from this case) is attached hereto as Exhibit 1.

8. I understand that at an unknown point in time, one of Airframe's employees placed seventy-one files, some of which may have contained source code, on one of L-3's computers. I am not aware of any other point at which any Airframe source code could have been accessible to L-3. Of these seventy-one files that were left on an L-3 computer, only six have filenames that are the same or even similar to any of the 580 Airframe source code files that have been produced to me in this litigation.

9. All of the files in the version of the Airframe source code provided have a creation date of 12/15/2009 and a last-modified date of 12/3/2009.  There is no way to tell what, if anything, was modified prior to that date.  Therefore, there is no way to identify the components of the source code which existed in any of the registered versions of the software or at the time of Airframe's employee late-1990's visit to Raytheon.

10. I performed searches and used automated and manual processes to identify and analyze the cited evidence. I also examined and compared the actual source code for the L-3 and ARMS systems, and examined documents and documentation relating to the software, including legal pleadings, interrogatories, responses, and deposition testimony related to this dispute.

11. I did not identify any similarities between the two that struck me as evidence of copying or translation of source code from ARMS to M3.

12. In reviewing the documents, discovery responses, and other information produced by Airframe in this case, I have found nothing indicating that Airframe identified a single similarity in internal processing structure, processing logic, control flow, or methods, between ARMS and M3. Airframe does not appear to have performed any code comparison between the two programs at all; or if Airframe did perform such a comparison, they produced nothing to show that comparison.

13. In reviewing the documents, discovery responses, and other information produced by Airframe in this case, I have found no discussion of any of the seventy-one files discussed above (¶8) or their contents in any Airframe discovery response or elsewhere in the legal pleadings, interrogatories, responses, and deposition testimony related to this dispute.

Signed under the pains and penalties of perjury this 17th day of May, 2010.

Dated: May 17, 2010

Barbara Frederiksen