UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

----------------------------------------------------------
AIRFRAME SYSTEMS, INC. f/k/a
AIRLINE SOFTWARE, INC.,

      Plaintiff,

      v.

RAYTHEON COMPANY and
L-3 COMMUNICATIONS CORPORATION,

      Defendants.
----------------------------------------------------------

Case No: 1:08-cv-11940-WGY

**PLAINTIFF'S SUR-REPLY TO DEFENDANT'S REPLY BRIEF
RE: DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff Airframe Systems, Inc. ("Airframe") submits this short sur-reply to address certain arguments and new issues raised in L-3's Reply Memorandum in Support of Its Motion for Summary Judgment (Docket #96) filed by L-3 Communication Corporation ("L-3").

ARGUMENT

I.    THE ROSEN DECLARATION IS APPROPRIATE IN OPPOSITION TO THE MOTION FOR SUMMARY JUDGMENT.

With respect to the argument that Mr. Rosen's declaration is inappropriate opposition to L-3's motion, L-3 effectively seeks to strike Mr. Rosen's declaration on the same grounds on which they made their previously denied emergent motion. See Docket #94 (filed and denied on June 10, 2010). L-3 argued earlier that Mr. Rosen's affidavit should be struck because it is an alleged repetition of expert Steven Gans' testimony that the Court earlier ordered excluded. The Court denied L-3's emergent motion on the ground that the Mr. Rosen's declaration was not a

"clear and undoubted disobedience of a clear and unequivocal order." See Docket (June 10, 2010).

Now, in its reply brief, L-3 seeks to resurrect this effort to strike Mr. Rosen's testimony by raising the same substantive arguments that the Court rebuffed in response to L-3's emergent motion. If L-3 were to succeed in this attempt, it would not only strike all relevant evidence from this record, but would have the Court "close its eyes to unequivocal evidence" of infringement. Cf. *Williams v. Frank*, 757 F. Supp. 112, 119 (D. Mass 1991).

Moreover, this argument is simply incorrect. Mr. Rosen is not reciting the Gans report. To the contrary, Mr. Rosen states in his declaration that he *personally* observed the "M3" source code in December 2008 and recites his *own* observations from that inspection. Similarly, he compares certain screen reports in the "M3" and the ASI systems, showing their nearly complete identicality, the essence of an infringement claim. L-3 has no grounds to seek to bar this testimony as it long ago admitted that it copied the M3 screens and reports from the ASI system. See Testimony of Brett Pelham, described at Plaintiff's Brief in Opposition to Motion for Summary Judgment (Docket #89) at 12-14, 16. In short, the Rosen declaration comes from Mr. Rosen's own observations and knowledge. That this information was also available to Mr. Gans and included in his report is not a bar to it being offered by plaintiff through the Rosen declaration.

II.   PLAINTIFF'S STATEMENT OF UNDISPUTED FACTS WAS SUBMITTED IN OPPOSITION TO THE MOTION FOR SUMMARY JUDGMENT.

L-3 also argues in its reply brief that plaintiff has not set forth a statement of uncontested facts in opposition to L-3's motion for summary judgment; and that Airframe's statement of uncontested fact was offered on plaintiff's cross-motion that the court struck. This is *not* true.

2

The statement of uncontested facts appears in extensive detail at the head of plaintiff's brief in opposition to the motion for summary judgment and fully evidences L-3's access to the ASI source code, its copying of material elements of ASI's source code, and the identicality of screens and reports; and it directly controverts defendant's claim that there is no infringement. Such facts also demonstrate that the "M3" is not "the product of independent work." *Mazer v. Stein*, 347 U.S. 201, 218 (1954). Because the statement of undisputed fact appears in Airframe's brief in opposition to the motion for summary judgment, it is self-evident that plaintiff has filed a statement of uncontested fact that controverts defendant's claim that no infringement arose.

III. PROOF OF EXPRESSIVENESS IS DEFENDANT'S BURDEN, NOT PLAINTIFF'S.

Defendant argues in its reply brief that Airframe has failed to show "expressiveness" of the ASI reports, screens and software. First, this is not true; Mr. Rosen states in his declaration that the reports are uniquely created by ASI and he compares certain of these to other makers of similar products that use *other* methods of expression. See also, e.g., *Apple Computer, Inc. v. Franklin Computer Corp.*, 714 F.2d 1240, 1253 (3d Cir. 1983) ("If *other* programs can be written or created which perform the same function as an Apple's operating system program, then that program is an *expression* of the idea and hence copyrightable." (Emphasis added)).

Secondly, computer source code has been recognized as being inherently "expressive". For example, in *Bernstein v. United States Dep't of State,* 922 F. Supp. 1426 (N.D. Cal. 1996), the court stated:

> [C]opyright law also supports the **"expressiveness"** of computer programs. Computer software is subject to copyright protection as a 'literary' work. 17 U.S.C. §§ 101, 102(a)(1); *accord Johnson Controls v. Phoenix Control Systems*, 86 F.2d 1173, 1175 (9th Cir. 1989). . . .

> **Copyright protection, designed to protect original expression, 17 U.S.C. § 102(a), supports the likeness of a computer program to speech as defined by First Amendment law**. The expression of an idea, as opposed to the idea itself, which is not afforded copyright protection under 17 U.S.C. § 102(b), connotes the "speaking" of an idea. . . . Nor, under copyright law, does sheer functionality diminish the expressive quality of a copyrightable work. *Apple Computer, Inc.*, 714 F.2d at 1252 (citing *Mazer v. Stein*, 347 U.S. 201, 218 (1954)). . . .
>
> While copyright and First Amendment law are by no means coextensive, and the analogy between the two should not be stretched too far, copyright law does lend support to the conclusion that **source code is a means of original expression**.

922 F. Supp. at 1436 (emphasis added).

Thus, computer source code is inherently expressive, *Bernstein, supra*, and when copyrighted, as in the instant case, the burden falls to the defendant to prove that the copyrighted material is invalid, i.e., *non*-expressive. Non-expressiveness is essentially a defense of invalidity of the copyright, the defendant's burden of proof, *not* the plaintiff's. See, e.g., *Mon Cheri Bridals, Inc. v. Wu*, 2010 U.S. App. LEXIS 11378 at 4, 5 (3d Cir. 2010) (defendant's burden to show "why the copyright claims were invalid"); *Swede Indus. v. Zebco Corp.*, 40 U.S.P.Q.2d (BNA) 1860, 1996 U.S. App. LEXIS 22153 at * 8 (Fed. Cir. 1996) (defendant claiming invalidity by virtue of the copyrighted material being in the public domain "failed to meet its burden of proof on invalidity"); *King-Seeley Thermos Co. v. Aladdin Industries, Inc.,* 418 F.2d 31, 32 (2d Cir 1969) (defendant failed to meet burden of proving that infringed material was in the public domain); *Penguin Books U.S.A., Inc. v. New Christian Church*, 288 F. Supp. 2d 544, 555-556 (S.D.N.Y. 2003) (defendant has burden of proof to show that copyright was invalid because material had entered public domain); *Procter & Gamble Co. v. Quality King Dist. Inc.*, 123 F. Supp. 2d 108, 116 (E.D.N.Y. 2000) (defendant failed to meet its burden of proving invalidity of trademark by claim that it was abandoned by plaintiff); *B & B Auto Supply, Inc. v.*

*Plesser*, 205 F. Supp. 36, 39 (S.D.N.Y. 1962) ("The court finds that defendant has in no sense sustained his burden of proving the alleged invalidity of plaintiff's copyright.").

As case law amply shows, it is the defendant, not the plaintiff, who has the burden of proving any claim of invalidity, i.e. non-expressiveness or that the material is in the public domain.  L-3 cannot shift that burden of proof to the plaintiff who, to prevail on a copyright claim need "prove ownership of a valid copyright and the unauthorized copying of constituent elements of the work that are original."  *Warren Freedenfeld Assocs. v. McTigue*, 531 F.3d 38, 47 (1st Cir. 2008); *Coquico, Inc. v. Rodriguez-Miranda*, 562 F.3d 62 (1st Cir. 2009) ("To prevail on a copyright infringement claim, a party must prove both control of a valid copyright and copying of original elements of the work by the putative infringer.").  <u>See</u> <u>also</u> *Mag Jewelry Co. v. Cherokee, Inc.*, 496 F.3d 108, 114 (1st Cir. 2007), *citing Johnson v. Gordon*, 409 F.3d 12, 17-18 (1st Cir. 2005) ("inference of copying may be drawn from evidence that an alleged copier had access to the copyright holder's previously created design and that there is a high degree of similarity between the works").  Where a party shows proof of registration certificates a "rebuttable presumption" of "validity" is shown.  *Mon Cheri Bridals, Inc. v. Wu*, 2010 U.S. App. LEXIS 11378 at 4-5 (once validity is shown through registration certificates, the "burden shifted to the Wu defendants to show why the copyright claims were invalid.").  Thus, defendant's attempt to shift the burden of proof to plaintiff on the issue of invalidity is inappropriate and contrary to case law.

Conclusion

For these reasons, the motion for summary judgment should be denied and the matter set for trial.

                                              AIRFRAME SYSTEMS, INC. f/k/a/
                                              Airline Software, Inc.
                                              By its attorneys,

                                              / S / Peter B. Krupp

Dated:  July 7, 2010                           Peter B. Krupp
                                                B.B.O. No. 548112
                                              Lurie & Krupp, LLP
                                              One McKinley Square
                                              Boston, MA  02109
                                              Tel: 617-367-1970

                                              / S /  Bruce I. Afran

                                              Bruce I. Afran
                                              NJ BA 8583
                                              10 Braeburn Drive
                                              Princeton, NJ  08540
                                              Tel: 609-924-2075

CERTIFICATE OF SERVICE

     I, Peter B. Krupp, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non registered participants on July 7, 2010.

                                              / S /  Peter B. Krupp

                                              Peter B. Krupp